IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Broadcast Music, Inc., *et al.*, | : | |
| Plaintiffs | : | Civil Action 2:11-cv-00625 |
| v. | : | |
| Bar None of Reynoldsburg, Inc., *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

# Order

This matter is before the Court on plaintiffs Broadcast Music, Inc., Coal Dust West Music, Cyanide Publishing, MJ Publishing Trust, Sony/ATV Songs LLC, and The Bernard Edwards Company LLC's unopposed May 14, 2012 motion for summary judgment (doc. 21).

I.      **Allegations in the Complaint**

Plaintiff Broadcast Music, Inc. ("BMI") has been granted the right to license the public performance rights in approximately 6.5 million copyrighted musical compositions. Compl. at ¶ 3. The remaining plaintiffs are owners of the copyrights in the musical compositions that are the subject of this lawsuit. *Id*. at ¶ 4. Defendant Bar None of Reynoldsburg, Inc. maintains and controls an establishment known as The Dugout Bar. *Id*. at ¶ 10. In connection with the operation of The Dugout Bar, defendant Bar None of Reynoldsburg, Inc. publicly performs musical compositions and/or causes

musical compositions to be publicly performed. Defendants Richard L. Shearer and Joel R. Rovito are officers of Bar None of Reynoldsburg, Inc. with primary responsibility for the operation and management of The Dugout Bar. *Id*. at ¶¶ 13-14. Defendants Shearer and Rovito have the right and ability to supervise the activities of Bar None of Reynoldsburg, Inc. and have a direct financial interest in the establishment. *Id*. at ¶¶ 15-16.

The complaint alleges four claims of willful copyright infringement based upon defendants' unauthorized public performance of musical compositions from BMI repertoire. *Id*. at ¶ 18. Defendants' specific acts of copyright infringement in addition to their entire course of conduct have caused and are causing plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI repertoire, defendants threaten to continue committing copyright infringement. Unless the Court restrains defendants from committing further acts of copyright infringement, plaintiffs will suffer irreparable injury for which they have no adequate remedy at law. *Id*. at ¶ 24.

## II.    Arguments of the Parties

Plaintiffs seek an order enjoining and restraining defendants, their agents, employees, and all persons acting under their permission and authority from infringing in any manner the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502. Plaintiffs also seek statutory damages in the amount of $12,000.00, which represents an award of $3,000.00 for each of the four claims of infringement pursuant to

17 U.S.C. § 504(c) in addition their costs, reasonable attorney fees and interest.

Between September 2008 and April 2011, BMI repeatedly informed defendants of the need to obtain permission for public performances of copyrighted music. BMI offered to enter into a license agreement with defendants, but defendants did not do so. On March 23, 2010, BMI instructed defendants to cease public performance of music licensed by BMI, but a BMI investigator witnessed public performances of BMI-licensed music on October 17, 2010 and March 16, 2011. In responses to plaintiffs' first request for admissions, defendants admitted not being licensed but they denied that anyone in authority received the first eighteen letters sent between September 8, 2008 and September 21, 2010 from BMI offering to grant them a license for the public performance of musical compositions. Defendants admitted to receiving the last eleven letters sent by BMI between October 1, 2010 to April 29, 2011 and that they were not licensed by any of the plaintiffs to publicly perform any of their musical compositions on October 17, 2010 and March 16, 2011. In their responses to plaintiff's first request for admissions, defendants assert that the music played on those dates was only played via the jukebox.

Plaintiffs argue that they are entitled to summary judgment against defendants as a matter of law because there are no genuine issues of material fact. According to plaintiffs, in order to prevail in an action for copyright infringement, the plaintiffs must establish the following elements: (1) originality and authorship of the copyrighted works involved; (2) compliance with the formalities of the Copyright Act; (3)

proprietary rights in the copyrighted works involved; (4) public performance of the compositions involved; and, (5) lack of authorization for public performance. Plaintiffs maintain that the first three elements are established in the declaration of Kerri Howland-Kruse. Plaintiffs maintain that the fourth element is established by the certified infringement reports of Scott Farkas and Robert Allman, who were hired by BMI for the purposes of visiting The Dogout Bar, and the declaration of Paul Knipler. The fifth element, lack of authorization, is also established by the Knipler declaration.

Plaintiffs argue that defendants Shearer and Rovito are vicariously liable for the act of infringement committed at The Dugout Bar. The corporate defendant, Bar None of Reynoldsburg, Inc. is responsible for the tortious actions of its employees under the doctrine of *respondeat superior*.

Plaintiffs maintain that they are entitled to permanent injunctive relief, statutory damages for each of the claims of infringement, and reasonable attorney fees.

Defendants failed to file a memorandum in opposition to plaintiffs' motion for summary judgment.

### III. Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting the absence or presence of a genuine dispute must support that assertion by either "(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored

4

information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; or "(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party may object that the cited material "cannot be presented in a form that would be admissible in evidence," and "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56(c)(2); Fed. R. Civ. P. 56 advisory committee's note. If a party uses an affidavit or declaration to support or oppose a motion, such affidavit or declaration "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

While the court must consider the cited materials, it may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3). However, "[i]n considering a motion for summary judgment, the district court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." *Revis v. Meldrum*, 489 F.3d 273, 279 (6th Cir. 2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The central issue is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Id.*, 489 F.3d at 279–80 (citing *Anderson v. Liberty Lobby,*

5

*Inc.*, 477 U.S. 242, 251–52 (1986)).

When a motion for summary judgment is unopposed, the Court may properly limit its review to the facts relied on by defendant. It has no duty to search the record. *Guarino v. Brookfield Twp.*, 980 F.2d 399, 404-05 and 407 (6th Cir. 1992).

**IV.     Discussion**

Section 501 of title 17 of the United States Code states "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122 . . . is an infringer of the copyright or right of the author. . . ." 17 U.S.C. § 501. Under section 106, the owner of a copyright of musical works has the exclusive rights to display the copyrighted work publically. 17 U.S.C. § 106(5). To establish a claim for copyright infringement of a musical work by means of public performance, a claimant must prove: : (1) the originality and authorship of a composition; (2) a valid copyright under the formalities of the Copyright Act; (3) claimant's ownership of the copyright at issue; (4) defendant's public performance of the composition; and (5) defendant's failure to obtain permission from the claimant for such performance. *Jobete Music Co., Inc. v. Johnson Communications, Inc.*, 285 F. Supp. 2d 1077, 1082 (S.D. Oh. 2003).

Plaintiffs have submitted the declaration of Kerri Howland-Kruse, Assistant Vice President, Legal of plaintiff BMI to establish the first three elements of their claim. *See* doc. 21-1 at 2. Plaintiffs attached copies of the registration certificates and subsequent documents relating to the chain of ownership of the songs.

Plaintiffs maintain that they have demonstrated that the songs were public

6

performed through the declaration and written reports of Scott Farkas and Robert Allman, who were hired by BMI for the purpose of visiting The Dugout Bar and making written reports of musical compositions that were performed. Although defendants' admissions state that the songs were played on the juke box and properly licensed to played in such a manner, the Court concludes that this simple denial is insufficient to create a genuine issue of material fact. Defendants have not defended against plaintiffs' motion. Had defendants introduced evidence to support their assertion, the Court may have reached a different decision.

Defendants Bar None of Reynoldsburg, Inc. is liable for infringing acts committed at The Dugout Bar because the sponsor of a performance that infringes a copyright, is also an infringer. *Twentieth Century Music Corporation v. Aiken*, 422 U.S. 151, 157 (1975). As president and vice-president of Bar None of Reynoldsburg, Inc. and corporate officers directly controlling The Dugout Bar, defendants Shearer and Rovito are also liable for infringing acts committed at their establishment. *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629, 633 (D.C. New. Hamp. 1986) ("It is well established that a corporate officer will be liable as a joint tortfeasor with the corporation in a copyright infringement case where the officer was the dominant influence in the corporation, and determined the policies which resulted in the infringement."). "The test for finding a corporation officer jointly and severally liable with his corporation for copyright infringement is whether the officer 'has the right and ability to supervise the infringing activity and also has a direct financial interest in such

7

activities.'" *Warner Brothers, Inc. v. Lobster Pot, Inc.*, 582 F. Supp. 478, 482 (N.D. Ohio 1984)(citations omitted).

Plaintiffs are entitled to injunctive relief to prevent further copyright violations. *See* 17 U.S.C. § 502(a). Injunctive relief is necessary given the threat of continued infringement. Here, defendants allowed unauthorized performances of copyrighted songs even after it had received numerous oral and written notices of infringement and demands to stop. As a result, a permanent injunction is appropriate.

Plaintiffs are also entitled to statutory damages. Section 504(c)(1) states:

> [T]he copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just.

17 U.S.C. § 504(c)(1). The statute further provides: "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

Because statutory damages are designed to discourage wrongful conduct, plaintiff maintains that they should significantly exceed the amount of unpaid license fees. *See EMI Mills Music, Inc. v. Empress Hotel, Inc.*, 470 F. Supp. 2d 67, 75-76 (D. Puerto Rico 2006). The record supports a finding that defendants deliberately violated the plaintiffs' rights. Between September 2008 and April 2011, BMI repeatedly sent letters

advising defendants of the need to enter into a license agreement. A BMI representative telephoned defendants on seventy occasions. On April 14, 2011, a BMI representative spoke directly with defendant Shearer, and on April 15, 2011, a BMI representative spoke directly with defendant Rovito. A BMI representative visited the establishment on five occasions. As a result, BMI's request for a total award of twelve thousand dollars ($12,000.00), which constitutes an award of approximately three thousand dollars ($3,000.00) for each infringement is granted.

The statute also permits an award of costs and reasonable attorney fees to the prevailing party. 17 U.S.C. § 505. The court concludes that an award of BMI's full costs and reasonable attorney fees is also warranted.

**V.    Conclusion**

For the reasons stated above, plaintiffs Broadcast Music, Inc., Coal Dust West Music, Cyanide Publishing, MJ Publishing Trust, Sony/ATV Songs LLC, and The Bernard Edwards Company LLC's unopposed May 14, 2012 motion for summary judgment (doc. 21) is GRANTED. Plaintiffs are AWARDED statutory damages of twelve thousand dollars ($12,000.00) and their full costs and attorney fees against defendants.

Plaintiffs are ORDERED to submit an itemized statement of such costs and fees and supporting memorandum within fourteen (14) days of the date of this Order. Thereafter, defendants may file a brief in opposition with fourteen (14) days of the date of service of plaintiffs' statement and supporting memorandum.

After determining plaintiffs' reasonable attorney fees, the Court will enter judgment against defendants Bar None Reynoldsburg, Inc., Richard L. Shearer and Joel R. Rovito in the amount of twelve thousand dollars ($12,000.00) in addition to plaintiffs' attorney fees and costs.

s/ Mark R. Abel  
United States Magistrate Judge